UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| OMAR ABBAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:06 CV 315 JM |
| | ) |
| RIH ACQUISITIONS IN, LLC, | ) |
| d/b/a Resorts East Chicago, | ) |
| | ) |
| Defendant. | ) |

**O P I N I O N**

This action is before the court on defendant RIH Acquisitions IN, LLC's (hereinafter, "RIH") motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). In his complaint, plaintiff Abbas alleges that while he was a registered guest at a casino hotel owned and operated by RIH, its agents broke into his hotel room without justification, and forcibly removed him, while he was "in a naked state," to the hallway in view of other guests, then confined him against his will and accused him of a crime. He alleges that he is entitled to damages by way of the federal civil rights laws, specifically 42 U.S.C. § 1983 and § 1988; and by Indiana tort law theories including intentional infliction of emotional distress.

Before addressing the motion, the court raises a preliminary matter pursuant to its obligation to question its own jurisdiction. Although Abbas invokes federal law, he alleges that jurisdiction exists in this case under 28 U.S.C. § 1332 because of the parties' diverse citizenship. However, Abbas alleges only that he is a "resident" of Illinois, and that RIH is an "Indiana limited liability company."

First off, citizenship and residence are not synonymous. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Second, for diversity purposes, there is no such thing as an Indiana—or any state—limited liability company. The citizenship of a limited liability company is the same as each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). Thus, if jurisdiction really hinged on diversity, the court would have to dismiss the complaint right now. Because Abbas invokes 42 U.S.C. § 1983, however, the court has federal-question jurisdiction under 28 U.S.C. § 1331.[1] The court hopes that attorneys Wickland and Reed will pay more attention to jurisdictional details in the future.

Returning to the main issue, this court should grant a motion for judgment on the pleadings "[o]nly when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Moss v. Martin*, 473 F. 3d 694, 698 (7th Cir. 2007). The first part of this inquiry is the same as that on a motion to dismiss for failure to state a claim pursuant to RULE 12(b)(6). *Delgado v. Jones,* 282 F.3d 511, 515 (7th Cir. 2002). As RIH itself points out in its memorandum in support of its motion, the only difference between the two motions is that a RULE 12(c) motion is filed after the pleadings are closed. *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997).

---

[1] The civil cover sheet filed with the complaint does have the box for federal question jurisdiction checked, along with the box for diversity jurisdiction.

In recent years, the Court of Appeals has observed, on many occasions, that all complaints need to do to withstand dismissal is "narrate a *claim*, which means a grievance," and that it is not necessary to plead elements of legal theories or even to plead legal theories at all. *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) ("matching facts to a legal theory was an aspect of code pleading interred in 1938 with the adoption of the Rules of Civil Procedure"); *see also Shah v. Inter-Continental Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002); *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077-78 (7th Cir. 1992).

Despite such precedent, and this judge's efforts to publicize that the better practice is to adhere to the liberal standard of notice pleading, see *Burton v. Sheahan*, 68 F. Supp. 2d 974, 978 (N.D. Ill. 1999), RIH relies on inapposite and somewhat antiquated cases[2] to argue that Abbas' complaint should be dismissed because it "wholly fails to allege, specifically or otherwise, the essential elements necessary in order to state a claim for relief under 42 U.S.C. § 1983." RIH's Memorandum in Support of Motion to

---

[2] The court provides only a few examples of RIH's misunderstanding and/or misuse of the cases it cites. In *Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994), affirming the district court's Rule 12(b)(6) dismissal, the district court had dismissed the complaint not because it failed to allege state action but instead under the correct standard, finding "no conceivable set of facts under which the defendants could have been acting under color of state law." In *Ridlen v. Four County Counseling Center,* 809 F. Supp. 1343, 1346 (N. D. Ind. 1992), although the court does say that a "plaintiff must allege that the person who has deprived him of that [federal] right acted under color of state law, the court was considering a motion for summary judgment (converted from a *Rule* 12(b)(6) motion) making that language inaccurate and RIH's use of the case inapposite. Similarly, in *Ezpeleta v. Sisters of Mercy Health Corp.*, 621 F. Supp. 1262, 1265 (N.D. Ind. 1985), the court was considering a motion for summary judgment. Last, *Komasinski v. I.R.S.*, 588 F. Supp. 974, 977 (N.D. Ind. 1984), written by this judge, is, with the benefit of 23 years of subsequent case law, simply incorrect.

Dismiss (DE # 16) at 2. Specifically, RIH faults the complaint for being "devoid of any allegation which alleges that Resorts [RIH] acted under color of state law." Id. at 1.

As should be clear already, Abbas' failure to allege an element of his legal theory—action taken under color of state law—is by itself no reason to dismiss his complaint by granting a judgment on the pleadings, and the court hopes that attorneys Delk and Petersen will, like plaintiff's attorneys, pay more attention to detail in the future. Had Abbas stopped with the argument that it is unnecessary to plead the elements of a cause of action in response to RIH's motion to dismiss, the court would be done. However, Abbas makes an additional argument which comes close to providing a reason FOR dismissing his action.

Abbas also argues that there is a factual basis for finding that RIH's agents acted under color of state law. He relies on *Romanski v. Detroit Entertainment, L.L.C.*, 428 F. 3d 629 (6th Cir. 2005), a case itself relying on authority from the Seventh Circuit, *Payton v. Rush-Presbyterian*, 184 F.3d 623 (7th Cir. 1999), to find that a gambling casino's private security guards were *de facto* police officers acting under color of state law because of a Michigan statute cloaking them with the power, among others, to make plenary arrests. Abbas believes that his case is on all fours with *Romanski*, due to the fact that Indiana law requires a casino's private security guards to hold an occupational license.

RIH's argument in its reply memorandum is that Indiana's licensing requirement is nothing more than that, and Abbas has not identified an Indiana statute similar to the Michigan statute in *Romanski*, that cloaks private security guards with plenary police

4

powers and that no such Indiana statute exists. However, in responding to RIH's RULE 12(c) motion, it was unnecessary for Abbas to make this argument, and so he may not have developed his argument as fully as he could have. In fact, the court's own research indicates that there are circumstances in which Indiana recognizes that private security guards exercise police powers. *See Rogers v. State*, 741 N.E.2d 395, 397-98 (Ind. App. 2000). Thus, it cannot be said at this point, as a matter of law, that it is beyond doubt that Abbas can prove no set of facts which would entitle him to relief.

For the reasons stated, defendant RIH Acquisitions IN, LLC's motion for judgment on the pleadings (DE # 15) is **DENIED**.

**SO ORDERED.**

Enter: March 27, 2007

　　s/James T. Moody　　　　
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT