UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| OMAR ABBAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:06 CV 315 JM |
| | ) |
| RIH ACQUISITIONS IN, LLC, | ) |
| d/b/a Resorts East Chicago, | ) |
| | ) |
| Defendant. | ) |

**O P I N I O N**

This action is before the court on defendant RIH Acquisitions IN, LLC's (hereinafter, "RIH") motion for partial summary judgment pursuant to FED. R. CIV. P. 56(b). In his complaint, plaintiff Omar Abbas alleges that while he was a registered guest at a casino hotel owned and operated by RIH, its agents broke into his hotel room without justification, and, although he was nude, forcibly removed him to the hallway in view of other guests, then confined him against his will and accused him of a crime. He alleges that he is entitled to damages by way of the federal civil rights laws, specifically 42 U.S.C. § 1983, and by Indiana tort law theories including intentional infliction of emotional distress. RIH's motion is limited to Count I of Abbas' complaint, which seeks damages under federal law pursuant to § 1983.

RULE 56 directs this court to enter summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When considering the motion, the court must construe all of the evidence and the reasonable inferences to be drawn therefrom in the

light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Laborers' Pension Fund v. RES Environmental Services, Inc.*, 377 F.3d 735, 737 (7th Cir. 2004). However, when a motion is made and properly supported, a plaintiff must do more than rest on his pleadings: he must identify evidence of "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). The plaintiff "retains the burden of producing enough evidence to support a reasonable jury verdict in his favor." *Lawrence v. Kenosha County*, 391 F.3d 837, 842 (7th Cir. 2004). Failure to do so will result in the entry of summary judgment. FED.R.CIV.P. 56(c), (e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548 (1986).

RIH makes two arguments, both with proper evidentiary support, in support of its motion for summary judgment. First, it argues that it, its employees and/or its agents who committed the acts Abbas complains of are all private actors. Thus, there was no action under color of state law, which is a prerequisite to liability under § 1983. *See Loubser v. Thacker*, 440 F.3d 439, 445 (7th Cir. 2006). Second, RIH argues that even if its employees/agents were acting under color of state law, it has no liability under a respondeat superior theory, because a person—in this case a corporate person[1]—must be directly involved in the wrongful acts to be liable under § 1983. *See Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003) ("For a defendant to be liable under § 1983, he or she must have participated directly in the constitutional

---

[1] Neither party has addressed the issue whether a limited liability company is a "person" for the purposes of liability under § 1983. For the purposes of analysis the court will assume that to be true but expresses no view on the issue.

2

violation. 'Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.' *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996).")

Only the latter of these two arguments need be addressed. In support of its motion for summary judgment, RIH has provided the affidavit of Michael Muskin, who is its "Director of Security, Facilities and Risk Management." Muskin attests that it is his responsibility to hire and supervise all RIH security personnel, ensuring that they adhere to RIH policies and procedures, and that:

> [S]ecurity officers are not allowed to enter a guest's hotel room while occupied by a guest to search a guest's property or forcefully remove an occupant from the hotel room. Rather, if a circumstance were to arise which required the searching of a guest's personal property in the hotel room or the forceful removal of a guest from the hotel or casino, Resorts security personnel are required to contact the state and/or local police and await their arrival in order for the state and/or local police to remove the guest/patron.
> . . . Resorts security personnel would never be permitted to enter a guest's hotel room and forcefully remove the guest from the room as this would exceed the scope of the security officer's authority and would be contrary to Resort's security policies and procedures. If a Resorts security officer were to engage in conduct of this nature, it would subject the security officer to termination for violation of Resort's policies and procedures.

Muskin aff.,DE # 40 ex. 1, ¶¶ 6-7.

Because these factual allegations were made for the first time in RIH's reply in support of its motion for partial summary judgment, the court *sua sponte* invited Abbas to file a supplemental response to point out any evidence that would put Muskin's

3

assertions in dispute. Order of August 16, 2007 (DE # 45). Abbas did so, and provided a copy of an East Chicago, Indiana police report[2] that appears to show that the police were called only after Abbas had already been removed from his room by RIH security personnel and was in the main lobby making a "disturbance" over his treatment. DE # 49 ex. A. Based on this evidence, Abbas argues that RIH's policy was "not used on the day and time in question" and furthermore that:

> RIH, itself, is a legal fiction that can act only through its agents and employees. The plaintiff submits that further exploration of this point may show that the actions of the security officers on the date in question were common among the security officers at the casino, and that the alleged corporate policy is nothing more than a shield to corporate liability that is never enforced.

Abbas's Supplemental Response, DE # 49 ¶¶ 5, 9.

The problem with Abbas's argument that "further exploration . . . may show" that such actions were common is that the discovery cut-off date has passed, and he has not informed the court, using the procedure provided by FED. R. CIV. P. 56(f), that he needs further discovery to respond to RIH's motion. His speculation that there might be a factual dispute isn't enough to withstand a properly-supported motion for summary judgment. "To successfully oppose the motion, the nonmovant must present definite, competent evidence in rebuttal." *Salvadori v. Franklin School Dist.*, 293 F.3d 989, 996 (7th

---

[2] On October 9, 2007, RIH filed a motion to strike this exhibit. LOCAL RULE 7.1(a) allows seven days for a moving party to file a reply. Abbas's supplemental response was filed September 17, 2007, and RIH's motion to strike not until 22 days later. Therefore, the motion to strike is **DENIED**.

Cir. 2002). Thus, the court has only the evidence of the incident involving Abbas himself to consider.

It is true, as Abbas states, that RIH can act only through its agents and employees, but that does not translate into respondeat superior liability under § 1983. Instead, private corporations are treated like municipal corporations for purposes of liability under § 1983. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 n. 6 (7th Cir. 2002). In other words, private corporations can be held liable under § 1983 for their employees' constitutional violations only if an official corporate policy causes the violation. *See Woodward v. Correctional Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

Abbas's evidence falls far short of creating an issue of fact on the existence of a corporate custom, practice or policy that caused the alleged violation of which he complains. His evidence is of only one incident—the one he was involved in—and one isolated incident does not a custom or policy make. "Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability." *Williams v. Heavener,* 217 F. 3d 529, 532 (7th Cir. 2000); *see also Ienco v. City of Chicago*, 286 F.3d 994, 1001 (7th Cir. 2002); *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005) ("Both in the 'widespread practice' implicit policy cases and in the cases attacking gaps in express

5

policies, what is needed is evidence that there is a true municipal policy at issue, not a random event.")[3]

Because Abbas has not provided sufficient evidence to create a triable issue of fact as to whether the incident he alleges was taken pursuant to a *de facto* policy or custom of RIH personnel, RIH is entitled to summary judgment on his § 1983 claim. This leaves Abbas with state-law claims only. As a general rule regarding supplemental jurisdiction under 28 U.S.C. § 1367(c)(3), this court should relinquish jurisdiction over those claims for Abbas to pursue them in state court. *See Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 300  (7th Cir. 2003). Abbas has fifteen days to file a memorandum of law objecting to that dismissal, showing why his state-law claims should not be dismissed.

For the reasons stated, defendant RIH Acquisitions IN, LLC's motion to strike (DE # 51) is **DENIED** and its motion for partial summary judgment (DE # 26) is **GRANTED**. Plaintiff Abbas has until October 25, 2007, to show why his remaining claims should not be dismissed.

                                        **SO ORDERED.**

Enter: October 9, 2007

                                      s/James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT

---

[3] One incident is sufficient when it is the execution of an express policy that itself violates the constitution. See *Calhoun*, 408 F. 3d at 379-80. This is not that type of case.